# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.                                        CASES NO.  4:07cr20-RH
                                                   4:09cv338-RH

CARLOS TIRAN McCRAY,

       Defendant.

_____/

## ORDER DENYING THE § 2255 MOTION AND DENYING A CERTIFICATE OF APPEALABILITY

The defendant Carlos Tiran McCray has moved under 28 U.S.C. § 2255 for relief from his judgment of conviction as an armed career criminal under 18 U.S.C. § 924(e) .  The motion is before the court on the magistrate judge's report and recommendation, ECF No. 59, and the objections, ECF No. 60.  I have reviewed *de novo* the issues raised by the objections.  This order accepts the report and recommendation and denies the § 2255 motion.

In the objections Mr. McCray asserts that he is somehow entitled to relief under *Johnson v. United States*, 130 S. Ct. 1265 (2010).  There the Court held that simple battery under Florida law is not a "violent felony" within the meaning of § 924(e).  But that hardly helps Mr. McCray; his predicate offenses included

multiple convictions for robbery with a firearm. *Johnson* looked to state law for the elements of a state offense, but that does not help Mr. McCray; the elements of robbery with a firearm under Florida state law are easily sufficient to render this a "violent felony" under § 924(e). The question whether a state's disposition of the case qualifies as a "conviction" under § 924(e) is a question of *federal* law. And here, as already determined on Mr. McCray's direct appeal, the state's dispositions of the robbery-with-a-firearm charges against Mr. McCray were "convictions," regardless of what they might have been called under state law.

A defendant may appeal the denial of a § 2255 motion only if the district court or court of appeals issues a certificate of appealability. Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 335-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983); *see also Williams v. Taylor*, 529 U.S. 362, 402-13, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000) (setting out the standards applicable to a § 2254 petition on the merits). As the Court said in *Slack*:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the

issues presented were "adequate to deserve encouragement to proceed further."

*Slack*, 529 U.S. at 483-84 (quoting *Barefoot*, 463 U.S. at 893 n.4). Further, in order to obtain a certificate of appealability when dismissal is based on procedural grounds, a petitioner must show, "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The defendant has not made the required showing. This order thus denies a certificate of appealability. Because the defendant has not obtained—and is not entitled to—a certificate of appealability, any appeal by the defendant will not be taken in good faith. I certify under Federal Rule of Appellate Procedure 24(a) that any appeal will not be taken in good faith and that the defendant is not otherwise entitled to proceed *in forma pauperis* on appeal. Accordingly,

IT IS ORDERED:

1.     The report and recommendation, ECF No. 59, is accepted and adopted as the court's opinion.

2.     The clerk must enter a judgment stating, "The defendant's motion for relief under 28 U.S.C. § 2255 is denied with prejudice."

3.     The defendant's application for a certificate of appealability is DENIED.

4.      Leave to proceed on appeal *in forma pauperis* is DENIED.

SO ORDERED on April 5, 2012.

s/Robert L. Hinkle
United States District Judge